IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 1:12-CR-373-JOF-ECS |
| | : | |
| BENJAMIN SANDERS | : | |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on Defendant's "Perfected Motion to Suppress Evidence Resulting from an Unlawful Search Warrant." [Doc. 35].[1] The government has responded, opposing the motion. [Doc. 36]. Defendant did not file a reply. Thereafter, the undersigned requested that the government submit a copy of the recorded testimony provided by a Cobb County detective to the Cobb County magistrate in connection with the warrant, subject to objection by the Defendant to consideration of the recording on or before May 28, 2013. [Doc. 38]. No objection was filed by Defendant. Accordingly, this motion is ready for a report and recommendation to the district judge. I will consider the recording in connection with the motion.

---

[1] Defendant had previously filed a "Preliminary Motion to Suppress Evidence Resulting from an Unlawful Search Warrant," [Doc. 32], which is superceded and thus rendered **MOOT** by the instant perfected motion.

AO 72A
(Rev.8/82)

In addition, Defendant filed a motion to exclude government expert testimony, [Doc. 30], and for a Daubert hearing. [Doc. 31]. Defendant was given until March 21, 2013, to perfect these motions but did not do so. [Doc. 33]. Accordingly, **IT IS RECOMMENDED** that the motions, [Docs. 30, 31], be **DENIED** for failure to perfect them.

## II.
## The Motion to Suppress

A search warrant was issued on December 8, 2011, for the search of Defendant's residence at 1180 Justice Drive, Kennesaw, GA 30152 by Magistrate Judge John Strauss.[2] The search warrant was signed by the magistrate judge after he was presented with an affidavit and an application by Detective Charles Mark Calhoun of the Cobb County police. The affidavit was accompanied by testimony received by the magistrate judge from Detective Calhoun in a video-conference. The warrant was executed by Cobb County police on December 9, 2011.

Defendant submits that Detective Calhoun omitted material facts from his oral testimony, facts that would have undermined the veracity of the victim, upon whose testimony probable cause for the search warrant predominantly depended. [Doc. 35 at 11]. Defendant argues that, with the omitted material included, the magistrate judge would not have signed the warrant. [Id.]. In addition,

---

[2] A copy of the application and search warrant is attached to the government's response to the motion. [Doc. 36-1].

2

Defendant argues that the affidavit failed to establish probable cause because it relied almost exclusively upon stale information relating to when certain pictures were taken and placed on Defendant's computer. [Id. at 11-13].

Having made the above arguments, Defendant submits that he is entitled to an evidentiary hearing under Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978). [Id. at 13-14].

In response, the government submits that the search warrant was supported by probable cause, based on credible information from the alleged victim, and that the information regarding the photographs that the victim said were taken of her was not impermissibly stale. [Doc. 36 at 5-10]. In addition, the government contends that an evidentiary hearing under Franks is not warranted because none of the alleged omissions by the detective, even if intentional or reckless, were material to the issuance of the warrant —— in other words none of the alleged reckless or intentional omissions would have affected the determination of probable cause even if included. [Id. at 11-17]. Finally, the government submits that, even if probable cause could be found to be lacking due to stale information, the good faith exception to the exclusionary rule would apply to validate the search despite any probable cause shortcomings. [Id. at 17-19].

3

## III.
## The Issuance of the Search Warrant

The search warrant was obtained from Cobb County Magistrate Judge John Strauss on December 8, 2011. [Doc. 36-1]. The application provided by Detective Charles Mark Calhoun asserted that there was probable cause to believe that evidence of aggravated child molestation would be found during a search of the Defendant's residence, including cell phone pictures and videos downloaded to computers and related devices and hardware located there. [Id. at 5-6]. The written statement of probable cause for the search stated as follows:

> [O]n 12/08/11, a juvenile female (age 16) made a credible disclosure to this detective concerning the sexual abuse that she suffered at the hands of the suspect, Benjamin H. Sanders (age 52). These numerous incidents occurred at the described location and had begun sometime after 10/19/09 and lasted through 10/12/11 (age 14 and 15). These sexual acts included fondling, oral sex, and sexual intercourse. Juvenile victim also stated that during several of the incidents cell phone pictures and videos were made and downloaded to computers located within the residence. She added that digital pictures were also taken with a camera of an unknown make and model. These images were also downloaded to computers located within the residence.

[Id. at 6-7].

In addition, Detective Calhoun presented information under oath to the magistrate judge via video-conference. In the video-conference, the magistrate judge asked the detective questions about

4

the basis for the warrant and the facts supporting its issuance. During this question and answer session, Detective Calhoun elaborated that the alleged victim had come to the police with her parents on the day of the application and alleged that, for a period of time beginning sometime after her 14th birthday, in October of 2009, and continuing up to and through October 12, 2011, she had been sexually molested by Defendant, her uncle. She stated that the molestation included fondling, oral sex, and intercourse with her uncle, with whom she had then been residing for several years.

Detective Calhoun further disclosed to the magistrate that the case first came to the attention of law enforcement in October of 2011 as a runaway case, explaining that the Defendant had reported the victim as a runaway. The alleged victim had later returned home, and at that time she talked to officers about having been abused. But, at that time, she and her mother did not want to talk further and went back to Louisiana, where the victim had previously lived. Detective Calhoun stated that the victim-accuser had come back from Louisiana with her parents on the date of the application to be interviewed about the charges. He further explained that the alleged victim had actually lived at the Defendant's house for four years — that she had been sent there by her parents after Hurricane Katrina.

5

At the conclusion of the testimony of the Detective, the magistrate found that probable cause had been stated for issuance of the warrant and he signed it.

## IV.
## The Applicable Law

### A. Probable Cause

Under the Fourth Amendment "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). "[T]he [warrant] affidavit must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation marks and citation omitted).

Furthermore, as the Supreme Court has reiterated, the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." Payton v. New York 445 U.S. 573, 585, 100 S. Ct. 1371, 1379 (1980). In that regard, the affidavit in support of a search warrant for a residence also must "establish a connection between the defendant and the residence to be searched

6

and a link between the residence and any criminal activity." <u>Martin</u>, 297 F.3d at 1314.

In <u>Illinois v. Gates</u>, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329 (1983), the Supreme Court explained that probable cause is "a fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules."

In determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed.

<u>Id.</u> at 238-39, 103 S. Ct. at 2332 (brackets and internal quotation marks omitted) (citing <u>Jones v. United States</u>, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), <u>overruled on other grounds by</u> <u>United States v. Salvucci</u>, 448 U.S. 83, 85, 100 S. Ct. 2547, 2549 (1980)).

**B.   Staleness**

For probable cause to exist, the information supporting the government's application for a search warrant must be timely, for probable cause must exist when the magistrate judge issues the search warrant. See <u>Sgro v. United States</u>, 287 U.S. 206, 210, 53 S.

Ct. 138, 140 (1932) ("[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."); United States v. Holt, 408 F. App'x 229, 234 (11th Cir. 2010); United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985); United States v. Bascaro, 742 F.2d 1335, 1345 (11th Cir. 1984), abrogated on other grounds by United States v. Lewis, 492 F.3d 1219, 1221-22 (11th Cir. 2007)).

The information in the affidavit must not, therefore, be stale. United States v. Williams, 162 F. App'x 884, 886 (11th Cir. 2006) (citing Martin, 297 F.3d at 1314). The staleness doctrine requires that the information supporting the government's application for a warrant show that probable cause exists at the time the warrant issues. See United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994) ("For probable cause to exist, however, the information supporting of the government's application for a search warrant must be timely, for probable cause must exist when the magistrate judge issues the search warrant."); Domme, 753 F.2d at 953 (11th Cir. 1985) ("As with other types of search warrants, the probable cause needed to obtain a wiretap must exist at the time surveillance is authorized.").

There is no particular rule or time limit for when information becomes stale. See Harris, 20 F.3d at 450 ("When reviewing staleness

8

challenges we do not apply some talismanic rule which establishes arbitrary time limitations . . . ."); Bascaro, 742 F.2d at 1345 ("No mechanical test exists for determining when information becomes fatally stale . . . ."). Rather, "staleness is an issue which must be decided on the peculiar facts of each case." Bascaro, 742 F.2d at 1345 (quoting United States v. Hyde, 574 F.2d 856, 865 (5th Cir. 1978)); see also Domme, 753 F.2d at 953 ("[S]taleness is an issue that courts must decide by evaluating the facts of a particular case . . . .").

The courts are not without guidance, however. In this case-by-case determination the court may consider the maturity of the information, the nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched. Harris, 20 F.3d at 450; see also United States v. Hooshmand, 931 F.2d 725, 735-36 (11th Cir. 1991); Cauchon v. United States, 824 F.2d 908, 911 (11th Cir. 1987); Bascaro, 742 F.2d at 1345-46; United States v. Haimowitz, 706 F.2d 1549, 1555 (11th Cir. 1983) ("In general, the basic criterion as to the duration of probable cause is the inherent nature of the crime." (citation omitted)).

9

In considering the nature of the crime, the courts distinguish between criminal activity which is protracted and continuous and that which is isolated:

> The circuits hold that where an affidavit recites a mere isolated violation then it is not unreasonable to believe that probable cause quickly dwindles with the passage of time. On the other hand, if an affidavit recites activity indicating protracted or continuous conduct, time is of less significance.

Bascaro, 742 F.2d at 1345-46 (quoting Bastida v. Henderson, 487 F.2d 860, 864 (5th Cir. 1973)); see also Harris, 20 F.3d at 451 ("Although most of the information contained in the affidavit referred to events which took place over two years before [the federal agent] applied for the warrant, the affidavit nonetheless alleged a longstanding and protracted criminal conspiracy . . . . Because the affidavit alleged ongoing activity and a continuing relationship between the coconspirators, the information was not fatally stale."); Domme, 753 F.2d at 953 ("When criminal activity is protracted and continuous, it is more likely that the passage of time will not dissipate probable cause.").

"Stale information is not fatal where the government's affidavit 'updates, substantiates, or corroborates the stale material.'" United States v. Green, 40 F.3d 1167, 1172 (11th Cir. 1994) (quoting Harris, 20 F.3d at 450 (11th Cir. 1994)). Accord United States v. Magluta, 198 F.3d 1265, 1272 (11th Cir. 1999),

10

<u>vacated in part on other grounds</u>, 203 F.3d 1304 (11th Cir. 2000); <u>United States v. Butler</u>, 102 F.3d 1191, 1198 (11th Cir. 1997).

**C.   Good Faith under <u>Leon</u>**

In <u>United States v. Leon</u>, 468 U.S. 897, 922, 104 S. Ct. 3405, 3420 (1984), the Supreme Court held that evidence need not be suppressed when police obtain the evidence through objective, good faith reliance on an initially valid warrant that is later found to lack probable cause. "The 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" <u>United States v. Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990) (quoting <u>Leon</u>, 468 U.S. at 922 n.23, 104 S. Ct. at 3420 n.23). Such circumstances may include evidence "beyond the four corners of the affidavit." <u>United States v. Robinson</u>, 336 F.3d 1293, 1297 (11th Cir. 2003); <u>Martin</u>, 297 F.3d at 1318-19. The good faith exception does not, however, extend to cases where the police have no reasonable grounds for believing that the warrant was properly issued. <u>Robinson</u>, 336 F.3d at 1296; <u>Martin</u>, 297 F.3d at 1313.

The Supreme Court in <u>Leon</u> identified four situations in which reliance by the police on a warrant would not be objectively reasonable:

11

> (1) when the judge issues the warrant on a deliberately or recklessly false affidavit;
>
> (2) when the judge wholly abandons his judicial role;
>
> (3) when a warrant is issued on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or
>
> (4) when the warrant is so facially deficient that an officer could not reasonably presume it to be valid.

See Leon, 468 U.S. at 923, 104 S. Ct. at 3421; Taxacher, 902 F.2d at 871.

**D.   Franks v. Delaware**

In Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978), the Supreme Court addressed the first exception to the application of the good faith doctrine of Leon –– whether a defendant has the right to challenge the truthfulness of factual statements made in an affidavit in support of a search warrant. The Court in Franks made it clear that affidavits supporting search warrants are presumptively valid. 438 U.S. at 171, 98 S. Ct. at 2684. But, where the defendant makes a substantial preliminary showing that an affiant knowingly and intentionally included a false statement in an affidavit, or made the false statement with reckless disregard for its truth, *and the false statement was necessary to a finding of probable cause*, then the Fourth Amendment requires that a hearing be held at the defendant's request. Id. at 164-65, 171-72, 98 S. Ct. at 2681, 2684-85. In the event that perjury or reckless disregard is

12

established at the hearing, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to support a finding of probable cause, then the warrant must be voided and the fruits excluded. Id. at 156, 98 S. Ct. at 2676. Negligent or innocent mistakes, however, do not violate the Fourth Amendment. Id. at 171, 98 S. Ct. at 2684; Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997).

    The Eleventh Circuit has also held that the reasoning in Franks applies to information omitted from a warrant affidavit. Madiwale, 117 F.3d at 1326. "Thus, a warrant affidavit violates the Fourth Amendment when it contains omissions 'made intentionally or with a reckless disregard for the accuracy of the affidavit.'" Id. at 1326-27 (quoting United States v. Martin, 615 F.2d 318, 329 (5th Cir. 1980)). Furthermore, "[o]missions that are not reckless, but are instead negligent, or insignificant and immaterial, will not invalidate a warrant." Madiwale, 117 F.3d at 1327 (citation omitted); see also United States v. Sims, 845 F.2d 1564, 1571 (11th Cir. 1988) ("Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant." (quoting United States v. Ofshe, 817 F.2d 1508, 1513 (11th Cir. 1987))).

13

**V.**
**Discussion**

**A.   Probable Cause and Staleness**

Defendant argues that the affidavit and oral testimony given by Detective Calhoun fail to establish probable cause because the information was stale. [Doc. 35 at 11-13]. In particular, Defendant submits that, because the alleged victim in her interview in December of 2011 did not state any particular time after October 2009 that the videos and pictures were taken and downloaded, this information about the pictures and videos cannot support probable cause. [Id. at 13].

To the contrary, however, I do not find the affidavit and testimony to be insufficient because the information about the videos and photographs was untimely. Considering this information in context, the facts presented to the magistrate showed probable cause to believe that Defendant had molested his accuser over a period commencing sometime after October 2009 and ending in October of 2011. Furthermore, "during several of the incidents[,] cell phone pictures and videos were made and downloaded to computers located within the residence." [Doc. 36-1 at 7].

The downloaded pictures and videos were allegedly made as a part of an ongoing course of alleged criminal sexual molestation that allegedly ended two months before the warrant was sought.

14

Neither the alleged sexual molestation nor the taking of the pictures were isolated events, but part of protracted, continual conduct. Under these circumstances, "time is of less significance." Bascaro, 742 F.2d at 1345-46. Furthermore, as a matter of common sense, one who takes pictures or videos and loads them onto a computer normally intends to retain them as a record of the event or the memory, certainly for months, if not years after the event photographed or recorded.

Accordingly, I conclude that the information imparted to the magistrate judge was sufficient to support a finding of probable cause to believe that any pictures taken by Defendant of the nature described would still be on his computer, or on his phone, or in his camera, and that those items would still probably be in his house. This information was not, therefore, so stale that the magistrate judge could not have relied upon it in finding probable cause.

**B.   Good Faith under Leon and Franks v. Delaware**

As stated above, under Leon, an officer may rely in good faith upon an initially valid warrant, even if it is later found to lack probable cause. 468 U.S. at 922, 104 S. Ct. at 3420. The Supreme Court in Leon identified four situations in which reliance by police on a warrant would not be objectively reasonable. See id. at 923, 104 S. Ct. at 3421. In this case, the only ground argued by

15

Defendant is the situation in which the judge issues the warrant on a deliberately or recklessly false affidavit. See id.

In this case, Defendant argues, without citation to anything in the record, that the detective was aware of a number of facts that contradicted the reliability or veracity of the information received from the victim. Defendant submits, as he must in order to prevail under Franks, that the detective intentionally omitted facts that, if presented to the magistrate judge, would have vitiated a finding of probable cause. [Doc. 35 at 8]. In particular, Defendant alleges that the detective failed to inform the magistrate judge of facts that would have diminished greatly the veracity and reliability of the alleged victim. [Id. at 11]. As Defendant put it, "There is no doubt that the magistrate judge would have wanted this information in reaching its probable cause determination." [Id.].

At this stage of the proceedings, however, where affidavits and testimony supporting a search warrant are presumptively valid, see Franks, 438 U.S. at 171, 98 S. Ct. at 2684, in order to show entitlement to a hearing, Defendant must make a substantial preliminary showing that the affiant, namely Detective Calhoun, knowingly and intentionally made a false statement or omission with reckless disregard for its truth, and that the false statement or omission was necessary for a finding of probable cause. Here, Defendant has not made such a showing.

16

Accepting Defendant's allegations at face value, Defendant alleges that the victim made certain statements that may have contradicted other statements she may have later made. After a review of these allegations, however, I conclude that most of the alleged "inconsistencies" are not materially contradictory of the essential facts supporting the charges against Defendant, and their omission would not have made any difference in this case.

Beginning in October of 2011, the victim reported that Defendant had had intercourse with her on at least one occasion. The victim's parents took her home at the time and did not press charges. In December, however, they returned with the victim and, on December 8, 2011, she was interviewed by Detective Calhoun. In this interview she describes sexual relations she had with Defendant over a period of approximately two years. And, while the victim may have been mistaken in her recollection of exactly when certain events occurred, and whether, for example, they occurred before, during, or after the Defendant's wife and stepdaughter quit living there, none of these facts, in my judgment, would have caused the magistrate judge to decline to sign the warrant or would have vitiated probable cause.

The detective, who interviewed the victim, found her credible. She maintained her story that she had been molested, starting with her report in October, and again two months later when she returned

17

to Georgia with her parents, after they had taken her back into their custody.  Nothing pointed out by Defendant would have led a neutral magistrate to conclude that the victim was probably lying about the fact that she had been molested by Defendant or that Defendant had taken pictures of her while he was molesting her.

Accordingly, I conclude that Defendant has not made a sufficient substantial showing that the officer intentionally or recklessly withheld information from the magistrate judge that was material to a finding of probable cause. A hearing under Franks is not warranted.

## VI.
## Conclusion

In accordance with the discussion above, I conclude that the magistrate judge who issued the warrant was presented with sufficient facts showing probable cause to believe that evidence of sexual molestation, including photographs or video evidence of same, would be found at Defendant's place of residence.  Defendant has not demonstrated any substantial basis for concluding that Detective Calhoun intentionally or recklessly made statements or omitted facts from the affidavit or from his testimony that would have vitiated the magistrate judge's finding of probable cause.  A hearing under Franks is not warranted.  Furthermore, Detective Calhoun would have been justified in relying in good faith on the search warrant issued

in this case, even if there was a question about the quantum of probable cause demonstrated. Accordingly, I **RECOMMEND** that the motion to suppress, [Docs. 32, 35], be **DENIED**.

In addition, I **RECOMMEND** that the motions to exclude government expert testimony, [Doc. 30], and for a Daubert hearing, [Doc. 31], be **DENIED** for Defendant's failure to perfect these motions. It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED and RECOMMENDED**, this 12th day of June, 2013.

```
                              s/ E. Clayton Scofield
                              E. Clayton Scofield III
                              UNITED STATES MAGISTRATE JUDGE
```

19

AO 72A
(Rev.8/82)