UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

BENJAMIN SANDERS,

               Defendant.

CRIMINAL ACTION NO.
1:12-CR-00373-JPB

## ORDER

This matter is before the Court on Benjamin Sanders's ("Defendant")

Motion Requesting Modification of Supervised Release Pursuant to 18 U.S.C. §

3583.  This Court finds as follows:

### BACKGROUND

On June 20, 2014, United States District Judge William S. Duffey, Jr.

sentenced Defendant to 120 months imprisonment, which is the statutory

maximum, for the offense of possession of child pornography.  [Doc. 93].

Defendant was also sentenced to a life term of supervised release with several

specialized conditions.  Id. at 3.  Defendant did not appeal his sentence.

Furthermore, Defendant has not filed a motion pursuant to 28 U.S.C. § 2255.

In the instant motion, which Defendant filed while still incarcerated and

more than seven years after his sentencing, Defendant asks the Court to modify or

remove the following special conditions of supervised release:  (1) Defendant shall be placed in Community Confinement for twelve months followed by Home Confinement for nine months; (2) Defendant shall submit to a search and seizure of his person or property at the direction of the Probation Officer; (3) Defendant shall perform 250 hours of community service under the guidance of the Probation Officer; and (4) Defendant shall not have access to the internet except as may be allowed by the Probation Officer under the direction of the Probation Officer. Defendant also asks the Court to reduce the term of supervised release from life to an unspecified lesser duration to "reflect a term more equitable to the facts of this case and the complimentary goals of supervised release."  [Doc. 101, p. 6].

## DISCUSSION

Defendant has moved for the modification or removal of certain supervised release conditions under 18 U.S.C. § 3583(e)(2), which states that "[t]he court may, after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training,

> medical care, or correctional treatment; (6) the applicable
> guideline range; (7) any pertinent policy statements set forth by
> the Sentencing Commission; (8) the need to avoid unwarranted
> sentencing disparities; and (9) the need to provide restitution.

United States v. Cordero, 7 F.4th 1058, 1069 (11th Cir. 2021).

In the following analysis, the Court will discuss whether any of Defendant's specialized conditions of supervised release should be modified or removed based on the factors identified above.

### 1. Community Confinement & Home Confinement

As a condition of his supervised release, Defendant was sentenced to Community Confinement for twelve months followed by Home Confinement for nine months. In arguing for the removal of this condition, Defendant contends that Community Confinement is not authorized by the Sentencing Commission as a condition of supervised release and that Home Confinement may only be used as a substitute for imprisonment. Essentially, Defendant asserts that these conditions result in an illegal term of imprisonment exceeding the statutory maximum.

The Eleventh Circuit Court of Appeals has held that § 3583(e)(2) "cannot be used to challenge the legality or constitutionality of supervised release conditions" because the statute "sets forth the factors a court should consider in determining whether to modify or terminate a condition of supervised release and illegality or constitutionality is not one of them." Id. at 1070. Instead, "[a]rguments

3

concerning the legality or constitutionality of a defendant's sentence are reserved properly for direct appeal or a 28 U.S.C. § 2255 motion to vacate sentence." Id.

As explained above, Defendant essentially argues that the Home and Community Confinement provisions are illegal because the conditions "equate to an effective [141-month] confinement sentence which would exceed the [120-month] statutory maximum." [Doc. 101, p. 3]. Defendant, however, did not file a direct appeal or a § 2255 motion to vacate. Moreover, in the instant motion, Defendant does not argue that any of the § 3553(a) factors warrant removal or modification of this supervised release condition. Ultimately, because § 3583(e)(2) cannot be used to attack the legality of supervised release conditions and because Defendant has not argued that any of the § 3553(a) factors support the removal of this condition, Defendant's motion is **DENIED** to the extent that Defendant seeks removal of the Home and Community Confinement provisions.

2.  **Search & Seizure of Defendant's Person or Property**

Defendant also challenges the supervised release condition which provides that he "shall submit to a search and seizure of his person or property at the direction of the Probation Officer." [Doc. 93, p. 3]. According to Defendant, this condition should be modified because "it invites arbitrary enforcement in

contravention of Defendant's constitutional rights." [Doc. 101, p. 3]. Defendant further argues that it invites "harassment." Id.

As a general rule, a claim is not ripe for review "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998). Here, Defendant asks the Court to modify the search condition on the grounds that he may be harassed or that the condition may be arbitrarily enforced. These grounds, however, are purely speculative, and thus not ripe for review. Indeed, Defendant has not alleged that he has actually been harassed or that the condition has been arbitrarily enforced. Significantly, none of Defendant's arguments pertain to the factors that this Court must consider. For instance, Defendant does not argue that the nature and circumstances of the offense or his history and characteristics warrant a different supervised release condition. Neither does he argue that modification is needed to prevent unwarranted sentencing disparities or to protect the public. In sum, the Court has considered the factors and has determined that modification is not warranted here, especially since Defendant's request is not yet ripe. To the extent that Defendant argues that the search condition should be modified, the motion is **DENIED**.

### 3. **Community Service**

As a special condition of supervised release, Defendant was ordered to "perform 250 hours of community service under the guidance and supervision of the Probation Officer."  [Doc. 93, p. 3].  Defendant contends that this condition should be removed "because there is no nexus to the goals of supervised release, nor is the condition sufficiently related to the permissible goals of supervised release."  [Doc. 101, p. 3].  Defendant further contends that this condition should be removed because the "Sentencing Court offered no explanation for this condition."  Id. at 4.

The Court finds United States v. Delgesso helpful in determining whether it should modify this condition of supervised release.  837 F. App'x 723 (11th Cir. 2020).  In Delgesso, the defendant asked the court to modify several conditions of supervised release because "the sentencing court failed to explain adequately its decision to impose the complained-of special conditions."  Id. at 725.  The defendant also argued that the special conditions were "unsupported by the facts of his case, inconsistent with the pertinent [§ 3553(a)] factors and the policy statements of the Sentencing Commission, and not narrowly tailored to his situation."  Id.  Notably, the Eleventh Circuit determined that the district court "concluded correctly that it lacked jurisdiction to consider the legal or

constitutional challenges raised in [the defendant's motion]" and that the defendant "could have and should have raised these challenges earlier."  Id.

Because Defendant makes the same types of arguments that the defendant made in Delgesso, the Court finds that it is without jurisdiction to consider Defendant's request.  See id.  Moreover, the § 3553(a) factors do not support a modification of this condition.  Thus, for these two reasons, to the extent that Defendant seeks removal of the community service provision, the motion is **DENIED**.

### 4. **Internet Condition**

Similar to many other cases involving sex offenders, the following is a special condition of Defendant's probation:  "[Defendant] shall not access or have access to the internet, or any other future developed internet-like electronic or technological means of accessing information using a computer or other device or means except as may be allowed by the Probation Officer under the direction of the Probation Officer."  [Doc. 93, p. 3].  Defendant contends that as written, the condition invites arbitrariness by the Probation Officer and is overly broad. Defendant also argues that the condition would chill his employment efforts. Ultimately, Defendant asks this Court to modify the requirement to "expressly

allow computer/internet usage and more narrowly tailor its requirements." [Doc. 101, p. 4].

Defendant has again set forth improper arguments for modifying a condition of supervised release. Specifically, Defendant has asked the Court to modify the condition based on mere speculation (i.e., that the condition will be arbitrarily enforced, and the condition will negatively affect his employment opportunities). Defendant also asked the Court to modify the condition based on legal grounds (i.e., that the condition is overly broad and not narrowly tailored). Because neither of these reasons constitutes grounds for modifying the condition under § 3553(a), modification is inappropriate.

Denial is likewise warranted after considering the relevant § 3553(a) factors. Modification is not warranted here because Defendant possessed over 40,000 images of child pornography on his computer. It is critically important that the internet restriction remain in place given the seriousness of Defendant's offense and to protect the public. Thus, to the extent that Defendant argues that the internet restriction should be modified, the request is **DENIED**.

## 5. <u>Duration of Term</u>

Defendant was sentenced to supervised release for a term of life. In his motion, Defendant argues that the term should be reduced because a life sentence

is "unjustified under the § 3553(a) factors and the record as a whole" and that a life

sentence "is more than reasonably necessary."  [Doc. 101, pp. 6, 9].

The Court will consider the relevant factors to determine if a modification is

appropriate.  First, as to the nature and circumstances of the offense, it is important

to note that Defendant pled guilty to possession of child pornography—

undoubtedly a very serious offense.  Indeed, Defendant possessed pornographic

images of his biological niece.  He also possessed 40,000 pictures of other young

girls in various stages of abuse.  Second, as to Defendant's history and

characteristics, he has displayed very little, if any, remorse or regret for his actions.

At the sentencing hearing, the Court noted that Defendant exhibited no

responsibility for his crime and "[o]f all the defendants I have sentenced in cases

like this, [Defendant is] the only one that has totally minimized [his]

responsibility]."  [Doc. 100, p. 121].  Even more troubling, in the instant motion,

Defendant continues to minimize his responsibility by claiming that he did not

abuse his stepdaughters or his stepdaughters' friends.  [Doc. 101, p. 9].  He also

accuses one of the victims in this case, his niece, of being a liar.  Id.  Simply put, it

does not appear that Defendant is remorseful or that he has accepted responsibility

for his actions.  Third, the Court must also consider the need to protect the public.

Given the seriousness of the offense, the Court is concerned that without continual

supervision, Defendant may reoffend.  The Court is not willing to risk the public's safety by revising the conditions.  The Court also notes that a life sentence may also aid in deterring future offenders, thus further protecting the public. Ultimately, after considering the pertinent factors, the Court finds that the term of life, which is within the applicable guideline range, should not be modified.  To the extent that Defendant argues that the duration of his supervised release should be reduced, Defendant's motion is **DENIED**.

**CONCLUSION**

For the reasons explained above and after fully considering the § 3553(a) factors, Defendant's Motion Requesting Modification of Supervised Release [Doc. 101] is **DENIED**.

**SO ORDERED** this 7th day of June, 2023.

J. P. BOULEE
United States District Judge